ROBERT C. SCHUBERT S.B.N. 62684
WILLEM F. JONCKHEER S.B.N. 178748
SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, California 94111
Telephone: (415) 788-4220
Facsimile: (415) 788-0161
rschubert@schubertlawfirm.com
wjonckheer@schubertlawfirm.com

Local Counsel for Plaintiff

BRIAN J. WANCA
ANDERSON & WANCA
3701 Algonquin Road, Ste 760
Rolling Meadows, IL 60008
Telephone: (847)368-1500
Facsimile: (847)368-1501
bwanca@andersonwanca.com

Counsel for Plaintiff

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD CADENASSO, individually and as the representative of a class of similarly-situated persons,<br><br>Plaintiff,<br><br>v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY, STORICK GROUP CO., THE STORICK GROUP CORPORATION, SCOTT R. STORICK and JOHN DOES 1-10,<br><br>Defendants. | No.<br><br><br>**CLASS ACTION COMPLAINT** |

1

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

1  Plaintiff, RICHARD CADENASSO ("Plaintiff"), brings this action on behalf of himself
2  and all others similarly situated, through his attorneys, and except as to those allegations pertaining
3  to Plaintiff or its attorneys, which allegations are based upon personal knowledge, alleges the
4  following upon information and belief against Defendants, METROPOLITAN LIFE
5  INSURANCE COMPANY, STORICK GROUP CO., THE STORICK GROUP CORPORATION,
6  SCOTT R. STORICK and JOHN DOES 1-10 ("Defendants").

**PRELIMINARY STATEMENT**

7
8  1.  This case challenges Defendants' practice of sending unsolicited facsimiles.
9  2.  The federal Telephone Consumer Protection Act of 1991, as amended by the Junk
10 Fax Prevention Act of 2005, 47 USC § 227 ("JFPA" or the "Act"), and the regulations
11 promulgated under the Act, prohibits a person or entity from faxing or having an agent fax
12 advertisements without the recipient's prior express invitation or permission. The JFPA provides a
13 private right of action and provides statutory damages of $500 per violation.  Upon information
14 and belief, Defendants have sent facsimile transmissions of unsolicited advertisements to Plaintiff
15 and the Class in violation of the JFPA, including, but not limited to, the facsimile transmission of
16 an unsolicited advertisement on or about September 5, 2012 ("the Fax"), a true and correct copy of
17 which is attached hereto as Exhibit A and made a part hereof.  The Fax promotes the services and
18 goods of Defendants.  Plaintiff is informed and believes, and upon such information and belief
19 avers, that Defendants have sent, and continue to send, unsolicited advertisements via facsimile
20 transmission in violation of the JFPA.
21 3.  Unsolicited faxes damage their recipients.  A junk fax recipient loses the use of its
22 fax machine, paper, and ink toner.  An unsolicited fax wastes the recipient's valuable time that
23 would have been spent on something else.  A junk fax interrupts the recipient's privacy.
24 Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for
25 authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require
26 additional labor to attempt to discern the source and purpose of the unsolicited message.
27 4.  On behalf of himself and all others similarly situated, Plaintiff brings this case as a
28 class action asserting claims against Defendants under the JFPA.

2

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

5.      Plaintiff is informed and believes, and upon such information and belief avers, that this action is based upon a common nucleus of operative fact because the facsimile transmissions at issue were and are being done in the same or similar manner. This action is based on the same legal theory, namely liability under the JFPA. This action seeks relief expressly authorized by the JFPA: (i) injunctive relief enjoining Defendants, their employees, agents, representatives, contractors, affiliates, and all persons and entities acting in concert with them, from sending unsolicited advertisements in violation of the JFPA; and (ii) an award of statutory damages in the minimum amount of $500 for each violation of the JFPA, and to have such damages trebled, as provided by § 227(b)(3) of the Act.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

7.      Venue is proper in this District because Defendants committed a statutory tort within this district a significant portion of the events took place within this District.

## PARTIES

8.      Plaintiff, RICHARD CADENASSO, is a resident of California who resides in Lafayette, California.

9.      On information and belief, Defendant, METROPOLITAN LIFE INSURANCE COMPANY ("Met Life"), is a New York corporation with its principal place of business in New York, NY.

10.      On information and belief, Defendant, STORICK GROUP CO., is a Florida corporation with its principal place of business in Boca Raton, FL. Storick Group Co. was at all relevant times a Met Life Agency that marketed and sold Met Life products.

11.      On information and belief, Defendant, THE STORICK GROUP CORPORATION, is a North Carolina corporation with its principal place of business in Charlotte, NC. The Storick Group Corporation was at all relevant times a Met Life Agency that marketed and sold Met Life products.

12. On information and belief, Defendant, SCOTT R. STORICK, is an officer, director and shareholder of THE STORICK GROUP CORPORATION and STORICK GROUP CO.

13. On information and belief, SCOTT R. STORICK, approved, authorized and participated in the scheme to broadcast advertisements by facsimile by (a) directing a list to be purchased or assembled; (b) directing and supervising employees or third parties to send the advertisements by fax; (c) creating and approving the form of advertisements to be sent; (d) determining the number and frequency of the facsimile transmissions; and (e) approving or paying the employees or third parties to send the advertisements by facsimile transmission.

14. John Does 1-10 will be identified through discovery, but are not presently known.

## FACTS

15. On or about September 5, 2012, Defendants transmitted by telephone facsimile machine an unsolicited fax to Plaintiff. A copy of the facsimile is attached hereto as Exhibit A.

16. Met Life profited by and received the benefits of The Storick Group Corporation, Storick Group Co., and Scott R. Storick's marketing of Met Life products and is a responsible party under the JFPA.

17. Defendants created or made Exhibit A which Defendants knew or should have known is a good or product which Defendants intended to and did in fact distribute to Plaintiff and the other members of the class.

18. Exhibit A is part of Defendants' work or operations to market Defendants' goods or services which were performed by Defendants and on behalf of Defendants. Therefore, Exhibit A constitutes material furnished in connection with Defendants' work or operations.

19. Plaintiff had not invited or given permission to Defendants to send the faxes.

20. On information and belief, Defendants faxed the same and other unsolicited facsimiles to Plaintiff without the required opt-out language and more than 40 other recipients without first receiving the recipients' express permission or invitation.

21. There is no reasonable means for Plaintiff (or any other class member) to avoid receiving unauthorized faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

4

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

22. Defendants' facsimiles did not display a proper opt-out notice as required by 47 C.F.R. 64.1200.

## CLASS ACTION ALLEGATIONS

23. In accordance with F. R. Civ. P. 23(b)(1), (b)(2) and (b)(3), Plaintiff brings this class action pursuant to the JFPA, on behalf of the following class of persons:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendants, (3) from whom Defendants did not obtain prior express permission or invitation to send those faxes, and (4) which did not display a proper opt-out notice.

Excluded from the Class are the Defendants, their employees, agents and members of the Judiciary, and all persons in the state of Missouri. Plaintiff reserves the right to amend the class definition upon completion of class certification discovery.

24. Class Size (F. R. Civ. P. 23(a)(1)): Plaintiff is informed and believes, and upon such information and belief avers, that the number of persons and entities of the Plaintiff Class is numerous and joinder of all members is impracticable. Plaintiff is informed and believes, and upon such information and belief avers, that the number of class members is at least forty.

25. Commonality (F. R. Civ. P. 23 (a) (2)): Common questions of law and fact apply to the claims of all class members. Common material questions of fact and law include, but are not limited to, the following:

a) Whether the Defendants sent unsolicited fax advertisements;

b) Whether the Defendants' faxes advertised the commercial availability of property, goods, or services;

c) The manner and method the Defendants used to compile or obtain the list of fax numbers to which they sent Exhibit "A" and other unsolicited faxed advertisements;

d) Whether the Defendants faxed advertisements without first obtaining the recipient's prior permission or invitation;

e) Whether the Defendants sent the faxed advertisements knowingly;

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

f)       Whether the Defendants violated the provisions of 47 U.S.C. § 227 and the regulations promulgated thereunder;

g)       Whether the faxes contain an "opt-out notice" that complies with the requirements of § (b)(1)(C)(iii) of the Act, and the regulations promulgated thereunder, and the effect of the failure to comply with such requirements;

h)       Whether the Defendants should be enjoined from faxing advertisements in the future;

i)       Whether the Plaintiff and the other members of the class are entitled to statutory damages; and

j)       Whether the Court should award treble damages.

26.    Typicality (F. R. Civ. P. 23 (a) (3)):   The Plaintiff's claims are typical of the claims of all class members. The Plaintiff received the same fax as the faxes sent by or on behalf of the Defendants advertising goods and services of the Defendants during the Class Period. The Plaintiff is making the same claims and seeking the same relief for himself and all class members based upon the same federal statute. The Defendants have acted the same or in a similar manner with respect to the Plaintiff and all the class members by sending Plaintiff and each member of the class the same faxes.

27.    Fair and Adequate Representation (F. R. Civ. P. 23 (a) (4)):   The Plaintiff will fairly and adequately represent and protect the interests of the class. It is interested in this matter, has no conflicts and has retained experienced class counsel to represent the class.

28.    Need for Consistent Standards and Practical Effect of Adjudication (F. R. Civ. P. 23 (b) (1)):   Class certification is appropriate because the prosecution of individual actions by class members would: (a) create the risk of inconsistent adjudications that could establish incompatible standards of conduct for the Defendants, and/or (b) as a practical matter, adjudication of the Plaintiff's claims will be dispositive of the interests of class members who are not parties.

29.    Common Conduct (F. R. Civ. P. 23 (b) (2)):   Class certification is also appropriate because the Defendants have acted and refused to act in the same or similar manner with respect to

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

1  all class members thereby making injunctive and declaratory relief appropriate. The Plaintiff

2  demands such relief as authorized by 47 U.S.C. §227.

3      30.   <u>Predominance and Superiority (F. R. Civ. P. 23 (b) (3))</u>:   Common questions of law

4  and fact predominate over any questions affecting only individual members, and a class action is

5  superior to other methods for the fair and efficient adjudication of the controversy because:

6      a)    Proof of the claims of the Plaintiff will also prove the claims of the class without the

7  need for separate or individualized proceedings;

8      b)    Evidence regarding defenses or any exceptions to liability that the Defendants may

9  assert and prove will come from the Defendants' records and will not require

10  individualized or separate inquiries or proceedings;

11      c)    The Defendants have acted and are continuing to act pursuant to common policies

12  or practices in the same or similar manner with respect to all class members;

13      d)    The amount likely to be recovered by individual class members does not support

14  individual litigation. A class action will permit a large number of relatively small claims

15  involving virtually identical facts and legal issues to be resolved efficiently in one (1)

16  proceeding based upon common proofs; and

17      e)    This case is inherently manageable as a class action in that:

18      (i)    The Defendants identified persons or entities to receive the fax

19  transmissions and it is believed that the Defendants' computer and business records will

20  enable the Plaintiff to readily identify class members and establish liability and damages;

21      (ii)   Liability and damages can be established for the Plaintiff and the class with

22  the same common proofs;

23      (iii)  Statutory damages are provided for in the statute and are the same for all

24  class members and can be calculated in the same or a similar manner;

25      (iv)   A class action will result in an orderly and expeditious administration of

26  claims and it will foster economics of time, effort and expense;

27      (v)    A class action will contribute to uniformity of decisions concerning the

28  Defendants' practices; and

7

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

(vi)    As a practical matter, the claims of the class are likely to go unaddressed absent class certification.

**Claim for Relief for Violation of the JFPA, 47 U.S.C. § 227 *et seq.***

31.    The JFPA makes unlawful for any person to "use any telephone facsimile machine, computer or other device to send, to a telephone facsimile machine, an unsolicited advertisement ..." 47 U.S.C. § 227(b)(1)(C).

32.    The JFPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227 (a) (5).

33.    **Opt-Out Notice Requirements.** The JFPA strengthened the prohibitions against the sending of unsolicited advertisements by requiring, in §(b)(1)(C)(iii) of the Act, that senders of faxed advertisements place a clear and conspicuous notice on the first page of the transmission that contains the following among other things (hereinafter collectively the "Opt-Out Notice Requirements"):

1.    a statement that the recipient is legally entitled to opt-out of receiving future faxed advertisements – knowing that he or she has the legal right to request an opt-out gives impetus for recipients to make such a request, if desired;

2.    a statement that the sender must honor a recipient's opt-out request within 30 days and the sender's failure to do so is unlawful – thereby encouraging recipients to opt-out, if they did not want future faxes, by advising them that their opt-out requests will have legal "teeth";

3.    a statement advising the recipient that he or she may opt-out with respect to all of his or her facsimile telephone numbers and not just the ones that receive a faxed advertisement from the sender – thereby instructing a recipient on how to make a valid opt-out request for all of his or her fax machines;

The requirement of (1) above is incorporated from § (b)(D)(ii) of the Act. The requirement of (2) above is incorporated from § (b)(D)(ii) of the Act and the rules and regulations of the

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

Federal Communications Commission (the "FCC") in ¶31 of its 2006 Report and Order (*In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act, Junk Prevention Act of 2005*, 21 F.C.C.R. 3787, 2006 WL 901720, which rules and regulations took effect on August 1, 2006). The requirements of (3) above are contained in § (b)(2)(E) of the Act and incorporated into the Opt-Out Notice Requirements via § (b)(2)(D)(ii). Compliance with the Opt-Out Notice Requirements is neither difficult nor costly. The Opt-Out Notice Requirements are important consumer protections bestowed by Congress upon the owners of the telephone lines and fax machines giving them the right, and means, to stop unwanted faxed advertisements.

34. **2006 FCC Report and Order.** The JFPA, in § (b)(2) of the Act, directed the FCC to implement regulations regarding the JFPA, including the JFPA's Opt-Out Notice Requirements and the FCC did so in its 2006 Report and Order, which in addition provides among other things:

A. The definition of, and the requirements for, an established business relationship for purposes of the first of the three prongs of an exemption to liability under § (b)(1)(C)(i) of the Act and provides that the lack of an "established business relationship" precludes the ability to invoke the exemption contained in § (b)(1)(C) of the Act (*See* 2006 Report and Order ¶¶8-12 and 17-20);

B. The required means by which a recipient's facsimile telephone number must be obtained for purposes of the second of the three prongs of the exemption under § (b)(1)(C)(ii) of the Act and provides that the failure to comply with these requirements precludes the ability to invoke the exemption contained in § (b)(1)(C) of the Act (*See* 2006 Report and Order ¶¶13-16);

C. The things that must be done in order to comply with the Opt-Out Notice Requirements for the purposes of the third of the three prongs of the exemption under § (b)(1)(C)(iii) of the Act and provides that the failure to comply with these requirements precludes the ability to invoke the exemption contained in § (b)(1)(C) of the Act (*See* 2006 Report and Order ¶¶24-34);

D. The failure of a sender to comply with the Opt-Out Notice Requirements precludes the sender from claiming that a recipient gave "prior express permission or invitation" to receive the sender's fax (*See* Report and Order ¶48);

9

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

As a result thereof, a sender of a faxed advertisement who fails to comply with the Opt-Out Notice Requirements has, by definition, transmitted an unsolicited advertisement under the JFPA. This is because such a sender can neither claim that the recipients of the faxed advertisement gave "prior express permission or invitation" to receive the fax nor can the sender claim the exemption from liability contained in § (b)(C)(1) of the Act.

35.     **The Fax.** Defendant sent on or about September 5, 2012 an advertisement via facsimile transmission from telephone facsimile machines, computers, or other devices to the telephone lines and facsimile machines of Plaintiff and members of the Plaintiff Class. The Fax constituted advertisements under the Act. Defendants failed to comply with the Opt-Out Requirements in connection with the Fax. The Faxes were transmitted to persons or entities without their prior express permission or invitation and/or Defendants are precluded from asserting any prior express permission or invitation because of the failure to comply with the Opt-Out Notice Requirements. By virtue thereof, Defendants violated the JFPA and the regulations promulgated thereunder by sending the Faxes via facsimile transmission to Plaintiff and members of the Class.

36.     **Defendant's Other Violations.** Plaintiff is informed and believes, and upon such information and belief avers, that during the period preceding four years of the filing of this Complaint and repeatedly thereafter, Defendants have sent via facsimile transmission from telephone facsimile machines, computers, or other devices to telephone facsimile machines of members of the Plaintiff Class faxes that constitute advertisements under the JFPA that were transmitted to persons or entities without their prior express permission or invitation (and/or that Defendants are precluded from asserting any prior express permission or invitation because of the failure to comply with the Opt-Out Notice Requirements in connection with such transmissions). By virtue thereof, Defendants violated the JFPA and the regulations promulgated thereunder. Plaintiff is informed and believes, and upon such information and belief avers, that Defendants are continuing to send unsolicited advertisements via facsimile transmission in violation of the JFPA and the regulations promulgated thereunder, and absent intervention by this Court, will do so in the future.

37.     The TCPA/JFPA provides a private right of action to bring this action on behalf of Plaintiff and the Plaintiff Class to redress Defendants' violations of the Act, and provides for statutory damages.    47 U.S.C. § 227(b)(3). The Act also provides that injunctive relief is appropriate. *Id.*

38.     The JFPA is a strict liability statute, so the Defendants are liable to the Plaintiff and the other class members even if their actions were only negligent.

39.     The Defendants knew or should have known that (a) the Plaintiff and the other class members had not given express invitation or permission for the Defendants or anybody else to fax advertisements about the Defendants' goods or services; (b) the Plaintiff and the other class members did not have an established business relationship; (c) Defendants transmitted an advertisement; (d) the Fax did not contain the required Opt-Out Notice; and (e) Defendants' transmission of advertisements which did not contain the required Opt-Out Notice was unlawful.

40.     The Defendants' actions caused damages to the Plaintiff and the other class members. Receiving the Defendants' junk faxes caused the recipients to lose paper and toner consumed in the printing of the Defendants' faxes.  Moreover, the Defendants' faxes used the Plaintiff's and each class member's telephone lines and fax machine. The Defendants' faxes cost the Plaintiff and each class member time, as the Plaintiff and its employees, as well as each class member and their employees, wasted their time receiving, reviewing and routing the Defendants' unauthorized faxes.  That time otherwise would have been spent on the Plaintiff's and each of the class member's business activities.  The Defendants' faxes unlawfully interrupted the Plaintiff's and other class members' privacy interests in being left alone.  Finally, the injury and property damage sustained by Plaintiff and the other class members from the sending of Defendants' advertisements occurred outside of Defendants' premises.

WHEREFORE, Plaintiff, RICHARD CADENASSO, individually and on behalf of all others similarly situated, demands judgment in his favor and against Defendants, METROPOLITAN LIFE INSURANCE COMPANY, STORICK GROUP CO., THE STORICK GROUP CORPORATION, SCOTT R. STORICK and JOHN DOES 1-10, jointly and severally, as follows:

A. That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint the Plaintiff as the representative of the class and appoint the Plaintiff's counsel as counsel for the class;

B. That the Court award the sum of five hundred dollars ($500.00) for each violation, and if appropriate treble said amount to $1,500.00 for each violation;

C. That Court enjoin the Defendants from additional violations; and

D. That the Court award pre-judgment interest, costs and such further relief as the Court may deem just and proper.

Dated: November 25, 2013

Respectfully submitted,

RICHARD CADENASSO, individually and as the representative of a class of similarly-situated persons,

By: _____
ROBERT C. SCHUBERT
WILLEM F. JONCKHEER
SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
Telephone: 415-788-4220
Fax: 415-788-0161
rschubert@schubertlawfirm.com
wjonckheer@schubertlawfirm.com

*Local Counsel for Plaintiff*

**And**

BRIAN J. WANCA
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: 847-368-1500 / Fax: 847-368-1501
bwanca@andersonwanca.com

*Counsel for Plaintiff*

**EXHIBIT A**

# LOW COST
# LIFE INSURANCE RATES!

*Rates quoted are monthly and are preferred 10 year level term plans. Other insurance amounts available*
*Carriers rated A or better by AM Best. You may qualify for a lower rate!*

| Age | $100,000 | Female $250,000 | Rates $500,000 | $1,000,000 | | Age | $100,000 | Male $250,000 | Rates $500,000 | $1,000,000 |
|---|---|---|---|---|---|---|---|---|---|---|
| 35 | $10 | $11 | $16 | $24 | | 35 | $11 | $12 | $18 | $28 |
| 40 | $11 | $12 | $19 | $31 | | 40 | $12 | $14 | $22 | $32 |
| 45 | $14 | $19 | $31 | $53 | | 45 | $15 | $20 | $34 | $56 |
| 50 | $20 | $26 | $45 | $76 | | 50 | $23 | $30 | $53 | $89 |
| 55 | $27 | $34 | $61 | $112 | | 55 | $34 | $45 | $83 | $151 |
| 60 | $36 | $46 | $86 | $158 | | 60 | $51 | $69 | $131 | $243 |
| 65 | $57 | $74 | $142 | $254 | | 65 | $84 | $117 | $229 | $424 |
| 70 | $104 | $171 | $336 | $537 | | 70 | $142 | $224 | $441 | $816 |
| 75 | $205 | $413 | $821 | $1,441 | | 75 | $249 | $432 | $858 | $1,586 |

*Longer term periods and permanent insurance available   Great Smoker rates available*
*Ask about return of Premium at the end of term period*
*For a personalized quote, complete the information below and*

## FOR A FREE QUOTE PLEASE FAX THIS FORM TO:
# (713) 554-9683

You will be contacted by a licensed insurance broker

Name _____ M/F ____ Date of Birth: _____ Tobacco Use:  Y   N

Spouse/Partner _____ M/F_____ Date of Birth_____ Tobacco Use:  Y   N

Address_____City_____

State_____ Zip Code _____E-mail_____

Home Phone _____Cell Phone_____

Work Phone_____ Fax _____Best time to call_____

Insurance Desired $_____  Amount Spouse/Partner $_____

Term: 10 yrs ____ 15 yrs ____  20 yrs ____ 30 yrs ____ Permanent ___ Height _____ Weight____ Spouse Height ____Weight___

Health: Excellent ____  Good ____ Average ___ Poor ___ Comments_____

**Do you have an IRA?  Yes   No   Do you have an annuity?  Yes   No   Do you have a 401K/403B?  Yes    No**

I understand this form is an inquiry and does not result in instant approval for life insurance. All correspondence I receive about this inquiry (Including this fax) has my full and complete authorization.

Signature _____ Date _____

To unsubscribe, please FAX your request to
1958        Our **PAPERLESS** Fax Computer: 206-350-3403