WILLIAM L. BERG, ESQUIRE (SBN 92095)
2440 Santa Clara Avenue
Almeda, California  94501
Telephone: (510) 523-3200
Facsimile:   (510) 523-8851
E-Mail:  berglaw@berginjurylawyers.com

Local Counsel for All Storick Defendants

HOWARD POZNANSKI, ESQUIRE
HOWARD POZNANSKI ATTORNEY AT LAW
4800 North Federal Highway
Suite 208A
Boca Raton, Florida 33431
Telephone: (561) 417-9294
Facsimile:   (561) 417-9422
E-Mail: howardwpoznanski@bellsouth.net

Counsel for All Storick Defendants
Appearance Pro Hac Vice

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD CADENASSO, individually and as the representative of a class of similarly-situated persons, <br><br> Plaintiff, <br><br> vs. <br><br> METROPOLITAN LIFE INSURANCE COMPANY, STORICK GROUP CO., THE STORICK GROUP CORPORATION, SCOTT R. STORICK AND JOHN DOES 1-10, <br><br> Defendants. | No. 13-cv-5491- JST <br><br> **MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO RULE 12(b)(2), FED.R.CIV.P., OR IN THE ALTERNATIVE, MOTION TO TRANSFER CASE PURSUANT TO 28 U.S.C. §1404(a), MEMORANDUM OF POINTS, AND AUTHORITIES IN SUPPORT THEREOF** <br><br> Hearing Date:        June 5, 2014 <br> Complaint Filed:   November 26, 2013 <br> Trial Date:            None Set |

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION ................................................. 1

MEMORANDUM OF POINTS AND AUTHORITIES ........................... 2

I. INTRODUCTION ........................................................................... 2

II.    STATEMENT OF FACTS ......................................................... 4

III.    LEGAL ARGUMENT ............................................................... 6

    A.    LACK OF PERSONAL JURISDICTION ........................... 6

        (1)    Purposefully Directing Activities or Consummating
             Transaction with the Forum or Resident Thereof ........ 8

        (2)    The Claim Must Arise Out Of  or Relate to
             Storick California Activities ......................................... 10

        (3)    The Exercise of Jurisdiction Must Comport with
             Fair Play and Substantial Justice ................................ 12

    B.    TRANSFER PURSUANT TO 28 U.S.C. §1404(a) ................ 15

        (1)    Could Have Been Brought In Florida .......................... 16

        (2)    Case By Case Determination ........................................ 17

             (i)    The Convenience of the Parties
                  Favors Florida ................................................. 17

             (ii)    The Convenience of the Witnesses
                  Strongly Favors Florida ................................. 17

                  (a)    Access to Proof ................................. 18

             (iii)    Transfer is in The Interests of Justice ........... 19

             (iv)    Plaintiff's Choice of Forum/Deference ......... 20

IV. CONCLUSION ............................................................................ 22

ii

**TABLE OF AUTHORITIES**

**Page**

**CASES**

*A.J. Indus., Inc. v. U.S. Dist Court for Cent. Dist. Ct. of Cal.,*
503 F.2d, 384, 389 (9th Cir. 1974)

*Alltrade, Inc. v. Uniweld Prods., Inc.,*
946 F.2d 622 (9th Cir. 1991)

*Atlantic Trading Co. v. The M/V Main Express,*
758 F.2d 1325 (9th Cir. 1985)

*B &B Hardware, Inc. v. Hargis Indus., Inc.,*
CV 06-4871 PA, 2006 WL 4568798 (C.D. Cal. Nov. 30, 2006)

*Bennett v. Bed Bath and Beyond, Inc.,*
C 11-02220 CRB, 2011 WL 3022126 (N.D. Cal. July 22, 2011)

*Brand v. Menlove Dodge,*
796 F.2d 1070 (9th Cir. 1986)

*Broad. Data Retrieval Corp. v. Sirius Satellite Radio, Inc.,*
CV 06-1190JFWSSX, 2006 WL 1582091 (C.D. Cal. June 6, 2006)

*Bunker v. Union Pacific Railroad Co.,*
C 05-04059, 2006 WL 193856 (N.D. Cal. Jan. 23, 2006)

*Burger King Corp. v. Rudzewicz,*
471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)1

*Calder v. Jones,*
465 U.S. 783, 788, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1983)

*Cambridge v. Millard Refrigerated Servs., Inc.,*
C 12-146 CW, 2012 WL 1755750 (N.D. Cal. May 16, 2012)

*C-Mart, Inc. v. Metropolitan Life Ins. Co.,*
2013 WL 2403666 (E.D. Mo. May 31, 2013)

*Continental Grain Co. v. Barge FBL-585,*
364 U.S. 19 (1960)

*Core-Vent Corp. v. Nobel Industries AB,*
11 F.3d 1482, 1485 (9th Cir. 1993)

19

21

12

20

14, 15, 19

12

20

17

8, 10, 11, 12
13, 14

7, 11, 12

17, 21

passim

19

7

iii

1

**TABLE OF AUTHORITIES**

2
(Continued)

**Page**

3    *Daimler AG v. Bauman.*                                                          6
     134 S.Ct. 746 (2014)

4

5    *Elecs. for Imaging, Inc. v. Tesseron, Ltd.,*                                     19
     No. C 07-05534, 2008 WL 276567 (N.D. Cal. Jan. 29, 2008)

6

7    *Foster v. Nationwide Mut. Ins. Co.,*                                            21, 22
     C 07-04928 SI, 2007 WL 4410408 (N.D. Cal. Dec. 14, 2007

8

9    *Hall v. Ikon Office Solutions, Inc.,*                                            20
     C 05-001036 WHA, 2005 WL 1629806 (N.D. Cal. July 8, 2005)

10

11   *Hanson v. Denckla,*                                                              7
     357 U.S. 235, 78 S. Ct. 1228, 1240, 2 L. Ed. 2d 1283 (1958).

12   *Hatch v. Reliance Ins. Co.,*                                                     16
     758 F.2d 409 (9th Cir.1985)

13

14   *Heartland Payment Sys. Inc. v. Verifone Israel Ltd.,*                           14, 20
     C 10-0654, 2010 WL 1662478 (N.D. Cal. April 22, 2010)

15

16   *Helicopteros Nacionales de Colombia, S.A. v. Hall,*                            9, 10
     466 U.S. 408, 417, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984).

17

18   *Inherent.com v. Martindale-Hubbell,*                                            15
     420 F. Supp. 2d 1093 (N.D. Cal. 2006)

19

20   *International Shoe Co. v. State of Washington,*                                 7, 11, 12
     326 U.S. 310, 66 S.Ct. 154, 159, 90 L.Ed. 95 (1945)

21   *Italian Colors Rest. v. American Express Co.,*                                 20, 21, 22
     No. C 03-3719 SI, 2003 WL 22682482 (N.D. Cal. Nov. 10, 2003)

22

23   *Jones v. GNC Franchising,*                                                      15, 18
     211 F.3d 495 (9th Cir. 2000)

24

25   *Keeton v. Hustler Magazine, Inc.,*                                              10
     465 U.S. 770, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984)

26

27   *Lake v. Lake,*                                                                  7, 8, 11, 12
     817 F.2d 1416, 1421 (9th Cir. 1987),

28

iv

**TABLE OF AUTHORITIES**
(Continued)

Page

*Lou v. Belzberg,*
834 F.2d 730 (9th Cir. 1987) ............................................................ 21

*Madani v. Shell Oil Co.,*
C07-04296 MJJ, 2008 WL 268986 (N.D. Cal. Jan. 30, 2008) ....... 21

*McGee v. International Life Ins. Co.*
355 U.S. 220, 2 L.Ed.2d 223, 78 S.Ct. 1999 (1957) ..................... 12

*Metz v. U.S. Life Ins. Co. in City of New York,*
674 F.Supp.2d 1141 (C.D. Cal. 2009) ........................................... 17

*Paccar Int'l, Inc. v. Commercial Bank of Kuwait,*
757 F.2d 1058 (9th Cir. 1985) ........................................................ 12

*Reflex Packaging, Inc. v. Audio Video Color Corp.,*
C 13-03307 SI, 2013 WL 5568345 (N.D. Cal. Oct. 9, 2013) ........ 18

*Roth v. Garcia Marquez*
942 F.2d 617 (9th Cir. 1991) .................................................... 12, 13

*Ruff v. Del Monte Corp.,*
C 12-05251 JSW, 2013 WL 1435230 (N.D. Cal. Apr. 9, 2013) .... 16

*Rush v. Savchuk,*
444 U.S. 320, 100 S.Ct. 571, 579, 62 L.Ed.2d 516 (1980) ............. 7

*Schwartz v. Frito-Lay N.A.,*
C-12-02740(EDL), 2012 WL 8147135 (N.D. Cal. Sept. 12, 2012) ... 16, 20

*Sec. Investor Prot. Corp. v. Vigman,*
764 F.2d 1309 (9th Cir. 1985) ........................................................ 17

*Shaffer v. Heitner,*
433 U.S. 186, 97 S.Ct. 2569, 2579, 53 L.Ed.2d 683 (1977) ........... 7

*True Health Chiropractic Inc. v. McKesson Corp.,*
13-cv-02219-JST, 2013 WL 6000539 (N.D. Cal. Nov. 12, 2013) ... 22

*Van Dusen v. Barrack,*
376 U.S. 612 (1964) ....................................................................... 15

v

## TABLE OF AUTHORITIES
(Continued)

**Page**

*Vista Healthplan, Inc. v. Amgen, Inc.*
CV 07-3711 PSG, 2007 WL 4144893 (C.D. Cal. Nov. 13, 2007) ................ 20

*Walden v. Fiore,*
134 S.Ct. 1115 (2014) ................ 8, 10, 11

*Wells v. Cingular Wireless LLC,*
C 06-03191 WHA, 2006 WL 2792432 (N.D. Cal. Sept. 27, 2006) ................ 16

*Williams v. Bowman,*
157 F.Supp.2d. 1103 (N.D. Cal. 2001) ................ 22

*Wood v. Best Buy Co. Inc.,*
No. 11-1877 SC, 2011 WL 3740812 (N.D. Cal. Aug. 25, 2011) ................ 14, 18, 19

*World-Wide Volkswagen Corp. v. Woodson,*
444 U.S. 286, 297 (1980) ................ 8, 10, 12, 13

## FEDERAL STATUTES

28 U.S.C. §1331 ................ 6
28 U.S.C. § 1404(a) ................ 1, 2, 4, 5, 13, 15, 17

47 U.S.C. §227 ................ 2, 6, 9
47 C.F.R. 64.1200 ................ 5

## CALIFORNIA STATE STATUTES

Cal. Civ. Proc. Code §410.10 ................ 7
Cal. Civ. Proc. Code §415.10 ................ 7
Cal. Civ. Proc. Code §415.40 ................ 7

## RULES

Rule 12(b)(2), Fed.R.Civ.P. ................ 1, 4, 15, 22
Rule 23(f), Fed. R. Civ. P. ................ 13

vi

## NOTICE OF MOTION AND MOTION

**TO THE COURT, ALL PARTIES AND TO THEIR RESPECTIVE**

**ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on June 5, 2014, at 2:00 P.M., or as soon

thereafter as the matter may be heard, in Courtroom 9 of the above entitled Court, located

in the San Francisco Courthouse, Courtroom 9 - 19th Floor, 450 Golden Gate Avenue, San

Francisco, California, 94102, Defendants, STORICK GROUP CO., THE STORICK GROUP

CORPORATION, and SCOTT R. STORICK (collectively "Storick") will, and hereby does,

move this Court to dismiss this action for lack of personal jurisdiction,  pursuant to Rule

12(b)(2), Fed. R. Civ. P., or, in the alternative, for an order transferring this case to the Southern

District of Florida pursuant to 28 U.S.C. §1404(a).

This Motion is made on the following grounds:

(1)     This Court lacks personal jurisdiction over the Defendants, STORICK GROUP

CO., THE STORICK GROUP CORPORATION, and SCOTT R. STORICK, and, pursuant to

Rule 12(b)(2), Fed. R. Civ. P., the complaint against said Defendants must be dismissed.

(2)     In the alternative, this action should be transferred to the Southern District

of Florida pursuant to 28 U.S.C. §1404(a).

The motion is based on this Notice of Motion and Motion, the pleadings and papers on

file herein, and such other matters, both oral and documentary, as may properly come before the

Court.

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.      INTRODUCTION:

The above styled action is a putative class action lawsuit brought by the law firm of Anderson+Wanca ("A+W") against the Defendant, METROPOLITAN LIFE INSURANCE COMPANY ("MetLife"), as well as the Defendants, STORICK GROUP CO., THE STORICK GROUP CORPORATION, and SCOTT R. STORICK (collectively "Storick"), for allegedly sending unsolicited advertisements by fax in violation of Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA").  Pursuant to 47 U.S.C. § 227(b)(1)(C) it is prohibited "to use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement."  Pursuant to 47 U.S.C. 227§(a)(5), "The term "unsolicited advertisement" means any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise."

This lawsuit is not the first TCPA putative class action lawsuit brought against MetLife and Storick by A+W, but the third such lawsuit.  The first TCPA putative class action filed against MetLife and Storick was filed by A+W on August 24, 2012, to wit: *Environmental Progress, Inc. v. MetLife, et. al.*, case number 12-80907-DMM (So. Dist. Fla.) ("EPI Lawsuit"), Exhibit "A."[1]  The EPI Lawsuit sought a national class, however, after numerous depositions and an exchange of anywhere between 50,0000 to 100,000 pages of documents, the class action

---

[1] Exhibit "A", together with all other lettered Exhibits attached in support of this motion, are authenticated in the Declaration of Howard Poznanski, Exhibit "1" also attached in support of this motion, in accordance with Civil L.R. 7-2( c) and Civil L.R. 7-5.

2

allegations were stripped from the complaint and, on the eve of trial, the case voluntarily dismissed with prejudice, Exhibit "B."

But before the dismissal of the EPI Lawsuit, on January 10, 2013, A+W filed its second TCPA putative class action against MetLife and Storick, to wit: *C-Mart, Inc. v. MetLife, et. al.*, case number 13-cv-00052-NAB (E.D. Mo.) ("C-Mart Lawsuit"), Exhibit "C." After motions in the Eastern District of Missouri to dismiss or transfer were filed, The Honorable Audrey F. Fleissig entered her memorandum and order of transfer [to the Southern District of Florida] on May 31, 2013, Exhibit "D."

The C-Mart Lawsuit was initially filed as a national putative class action, as evidenced by ¶23 in Exhibit "C", however, at the time C-Mart filed its motion for class certification, it elected to limit the class to Missouri residents.   C-Mart's motion for class certification was granted pursuant to order on motion for class certification entered on February 4, 2014, Exhibit "E", and the class was limited to Missouri residents alleged to have received a fax advertisement in violation of the TCPA.

The C-Mart lawsuit remains pending in the Southern District of Florida.  But notwithstanding same, prior to ruling on the C-Mart motion for class certification, A+W nevertheless filed the above styled action, the third such TCPA putative class action lawsuit against MetLife and Storick.  The only real difference from the other lawsuits, as evidenced in ¶23 of the complaint herein (Doc. 1), is that A+W *excluded "[A]ll persons in the state of Missouri."*

A+W's initiation of the C-Mart lawsuit in Missouri was understood by The Honorable Audrey F. Fleissig to be improper forum shopping in an effort to find a more favorable

jurisdiction for the TCPA class action lawsuit; further noting that the Storick motion to dismiss based upon lack of personal jurisdiction was "well-reasoned." To this end, Storick is again confronted with moving to dismiss based upon a lack of personal jurisdiction, pursuant to Rule 12(b)(2), Fed. R. Civ. P. or, alternatively, to transfer pursuant to 28 U.S.C. § 1404(a).

Certainly, Storick prefers that the motion to dismiss based upon lack of personal jurisdiction be granted. But Storick also has no quarrel with transfer, further noting, however, that unlike MetLife, no stay of the proceeding is being sought. A+W initiated action in the Southern District of Florida with the filing of the EPI Lawsuit. Since Florida is where most of the witnesses are located, where the documents are located, and where Storick is located, the Southern District of Florida is where this lawsuit should be located. Exhibit "F" is a copy of the joint pretrial stipulation filed in the EPI Lawsuit which includes all parties' witnesses and exhibits. Exhibit "G" is a copy of the amended joint pretrial stipulation filed in the C-Mart Lawsuit which includes all parties' witness and exhibits. Based upon Exhibits "F" and "G", it is evident that the convenience of the parties and witnesses, as well as the interests of justice, require transfer. Moreover, consistency in ruling, as well as the ability to maintain consistent defenses, requires transfer.

## II.    STATEMENT OF FACTS:

In review of Plaintiff's complaint (Doc. 1), while Plaintiff alleges in ¶7 that "Venue is proper in this District because Defendants committed a statutory tort within this district, a significant portion of the events took place within this District", there is no factual allegation contained in the complaint that supports the allegation. Upon review of ¶¶10, 11, and 12 of Plaintiff's complaint, which are the specific allegations pertaining to Storick, there are also no factual allegations contained connecting Storick to the state of California. Even ¶15 is empty in

4

that all it alleges is that "Defendants transmitted by telephone facsimile machine an unsolicited fax to Plaintiff." Nothing contained within ¶15 alleges that the fax was received by Plaintiff, let alone received by Plaintiff in California. It is also important to emphasize that there are not even any direct allegations against SCOTT R. STORICK, individually; personal liability against him based solely upon vicarious liability through the Storick corporate defendants. Simply put, as alleged, nothing contained in Plaintiff's complaint (Doc. 1) connects Storick to the state of California.

Beyond the issue of personal jurisdiction, Plaintiff's allegations reveal that Storick and his business entities are located in Florida. Certainly, Exhibits "F" and "G" evidence that the former and present Storick employees who have knowledge of the facts surrounding this lawsuit reside in Florida. Storick worked out of MetLife's Fort Lauderdale, Florida sales office, as did important former and current MetLife employees who have knowledge about the facts of this lawsuit; all of who are located in Florida. Of equal importance is that Robert Martino, the alleged fax broadcaster involved in the matter, and who has not been named as a party, also resides in Florida. Storick has directed a motion for summary judgment against C-Mart for failure to join Robert Martino, the alleged fax broadcaster involved in the matter, as a necessary and indispensable party, ¶9 of the Declaration; the Court having yet to rule upon said motion as evidenced in Exhibit "G." As defined in *47 C.F.R. § 64.1200(f)(7)*, "The term facsimile broadcaster means a person or entity that transmits messages to telephone facsimile machines on behalf of another person or entity for a fee." And pursuant to *47 CFR § 64.1200(a)(4)(vii)*, "A facsimile broadcaster will be liable for violations of paragraph (a)(4) of this section, including the inclusion of opt-out notices on unsolicited advertisements, if it demonstatrates a high degree of involvement in, or actual notice of, the unlawful activity and fails to take steps to prevent such

5

facsimile transmissions."    The issue of Robert Martino as a necessary and indispensable party, should this matter remain in California, will then, again, be raised before this Court. Furthermore, at this point, just by the very nature of the continuous litigation arising from the EPI Lawsuit and the C-Mart Lawsuit, all relevant and pertinent documents and other discovery are located in Florida and, after the C-Mart Lawsuit was filed, with respect to the discovery obtained during the EPI Lawsuit, an order granting agreed motion to authorize use of prior discovery, Exhibit "H", was entered in the C-Mart Lawsuit on August 1, 2013.  In Florida, there is no dispute that extensive discovery has already taken place with numerous depositions and documents produced.  Certainly, Florida, in every respect, is a more convenient and more appropriate forum for this action.  Moreover, judicial economy and the interests of justice also weigh overwhelmingly in favor of transfer.  Transfer would considerably advance the convenience of the parties and witnesses, and also advance the interests of justice and judicial economy.

## III.    LEGAL ARGUMENT:

### A.    LACK OF PERSONAL JURISDICTION:

Where subject matter jurisdiction is based upon federal question, and in this action it is based upon 28 U.S.C. §1331 and 47 U.S.C. §227, a court must determine whether the defendant (i) has been properly served under the forum state's long-arm statute and (ii) has sufficient contacts with the forum so as to satisfy procedural due process.  As set forth in *Daimler AG v. Bauman*, 134 S. Ct. 746, 753 (2014), "Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons. *See Fed. Rule Civ. Proc.* 4(k)(1)(A) (service of process is effective to establish personal jurisdiction over a defendant "who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located"). Under California's

6

long-arm statute, California state courts may exercise personal jurisdiction "on any basis not inconsistent with the Constitution of this state or of the United States." Cal. Civ. Proc. Code Ann. §410.10 (West 2004). California's long-arm statute allows the exercise of personal jurisdiction to the full extent permissible under the U.S. Constitution.""

In accordance with Cal. Civ. Proc. Code ("CCP") §415.10, "A summons may be served by personal delivery of a copy of the summons and of the complaint to the person to be served. Service of a summons in this manner is deemed complete at the time of such delivery."   And in accordance with CCP §415.40, "A summons may be served on a person outside this state in any manner provided by this article..."   Herein, Storick concedes the issue of service of process.

Storick, however, disputes there are sufficient contacts with the State of California so as to satisfy procedural due process.  California's long arm statute, CCP §410.10 states " A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States." As set forth in *Calder v. Jones*, 465 U.S. 783, 788, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1983), "In judging minimum contacts, a court properly focuses on "the relationship among the defendant, the forum, and the litigation. *Shaffer v. Heitner,* 433 U.S. 186, 204, 97 S.Ct. 2569, 2579, 53 L.Ed.2d 683 (1977). *See also Rush v. Savchuk,* 444 U.S. 320, 332, 100 S.Ct. 571, 579, 62 L.Ed.2d 516 (1980)." Moreover, "[I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws. *International Shoe Co. v. State of Washington*, 326 U.S. 310, 319, 66 S.Ct. 154, 159, 90 L.Ed. 95."   *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S. Ct. 1228, 1240, 2 L. Ed. 2d 1283 (1958).

As set forth in *Core-Vent Corp. v. Nobel Industries AB*, 11 F.3d 1482, 1485 (9th Cir. 1993)(quoting *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987), to determine whether the

7

District Court may exercise personal jurisdiction, the following three-part test applies, to wit: (1) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privileges of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.   While Storick concedes the issue of service of process, herein the dispute is with the complete lack of sufficient contacts with California so as to satisfy procedural due process.

> **(1)    Purposefully Directing Activities or Consummating Transaction with the Forum or Resident Thereof:**

In addressing this first factor, pursuant to *Lake v. Lake*, 817 F.2d at 1421, a "qualitative evaluation" between Storick and his contact with California is necessary to determine whether Storick should have reasonably anticipated being hauled into a California court per *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).   Certainly, based upon *Walden v. Fiore*, 134 S.Ct. 1115 (2014), a case that arrived to the United States Supreme Court from the Ninth Circuit Court of Appeals, consistent with the plethora of sister cases, Plaintiff is unable to support this factor.  As set forth in *Walden v. Fiore*, 134 S.Ct. at 1122, "[T]he relationship must arise out of contacts that the "defendant *himself*" creates with the forum State. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). Due process limits on the State's adjudicative authority principally protect the liberty of the nonresident defendant—not the convenience of plaintiffs or third parties. See *World–Wide Volkswagen Corp., supra*, at 291–292, 100 S.Ct. 559. We have consistently rejected attempts to satisfy the

defendant-focused "minimum contacts" inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum State. See *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984)."

Herein, while Plaintiff alleges in ¶7 that "Venue is proper in this District because Defendants committed a statutory tort within this district, a significant portion of the events took place within this District" (Doc. 1), Plaintiff has in no way supported the allegation. Nothing contained in Plaintiff's complaint connects Storick to the state of California by way of a "significant portion of the events" taking place therein. In ¶15 of Plaintiff's complaint, it is alleged that "On or about September 4, 2012 Defendants transmitted by telephone facsimile machine an unsolicited fax to Plaintiff", however, there is no allegation that the fax was directed to Plaintiff in California and that it was received by Plaintiff in California. Based upon ¶¶10, 11, and 12 of Plaintiff's complaint (Doc. 1), it is evident that Storick is located outside of California. Pursuant to *47 U.S.C.* §227(b)(1)( C), it is unlawful "to use any telephone facsimile machine, computer, or other device *to send*…an unsolicited advertisement." The Honorable Audrey F. Fleissig, in her memorandum and order of transfer entered in the C-Mart Lawsuit, focused on the fact that the alleged conduct occurred in Florida, not Missouri; that the sending of the alleged fax occurred in Florida and, as a result, "the alleged violation of the TCPA occurred in Florida, the state from which Storick [allegedly] sent the unsolicited fax. Exhibit "D", pp. 7-8. The same is true herein. If Storick sent a fax to Plaintiff, it was sent from Florida.

There is nothing contained in Plaintiff's complaint factually alleging that Storick purposefully directed his activities or consummated some transaction with a California resident; or performed some act by which Storick purposefully availed himself of the privileges of conducting activities in the California, thereby invoking the benefits and protections of its laws.

9

The exhibit attached to Plaintiff's complaint, the one alleged fax advertisement, even fails to identify Storick and fails to include any California area code or other telephone exchange. As set forth in *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S. Ct. 2174, 2183, 85 L. Ed. 2d 528 (1985), "This "purposeful availment" requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of "random," "fortuitous," or "attenuated" contacts, *Keeton v. Hustler Magazine, Inc.,* 465 U.S., at 774, 104 S.Ct., at 1478; *World-Wide Volkswagen Corp. v. Woodson, supra,* 444 U.S., at 299, 100 S.Ct., at 568, or of the "unilateral activity of another party or a third person," *Helicopteros Nacionales de Colombia, S.A. v. Hall, supra,* 466 U.S., at 417, 104 S.Ct., at 1873."" *See Also*, *Walden v. Fiore*, 134 S.Ct. at 1123.

Certainly, the only information to be gleaned from Plaintiff's complaint, at best, is that any connection Storick has with California is "random," "fortuitous," or "attenuated contact." This, however, is far from a purposeful availment of the jurisdiction of California. Plaintiff has failed to satisfy the requirement that Storick purposefully directed activities or consummated some transaction with a California resident; or performed some act by which he purposefully avails himself of the privileges of conducting activities in California, thereby invoking the benefits and protections of its laws.

(2)     **The Claim Must Arise Out Of or Relate to Storick California Activities:**

In analyzing the second factor, it is important to emphasize the focus is not the contact with a California resident, but the contacts with the state of California itself. In its complaint (Doc. 1), specifically ¶¶10, 11, and 12, Plaintiff's details the location of the Storick defendants; to wit, respectively: that "STORICK GROUP CO. is a Florida corporation with its principal place of business in Boca Raton, FL"; that THE STORICK GROUP CORPORATION is a North Carolina corporation with its principal place of business in Charlotte, NC"; that "SCOTT R.

10

STORICK, is an officer, director and shareholder of THE STORICK GROUP CORPORATION and STORICK GROUP CO." And, again, as already set forth above, there is not even a direct allegation against SCOTT R. STORICK; the allegation against him being in the form of vicarious liability based upon his affiliation with the Storick corporate entities, nor any allegation that the alleged fax was directed to Plaintiff in California or otherwise received by him in California. "[The Due Process Clause] does not contemplate that a state may make binding a judgment in personam against an individual or corporate defendant with which the state has no contacts, ties, or relations." *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 319, 66 S. Ct. 154, 160, 90 L. Ed. 95 (1945). "[The] "minimum contacts" analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Walden v. Fiore*, 134 S. Ct. 1115, 1122 (2014).

In *Calder v. Jones*, 465 U.S. 783, 788-789, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1983), with respect to securing jurisdiction in California regarding a claim for libel, the telephone calls [more than one] were made to California for information; the story was about the plaintiff's activities in California; the brunt of the reputational harm was caused in California; the libelous article was widely circulated in California. "In sum, California [wa]s the focal point both of the story and of the harm suffered. *Id.* At 789. Herein, however, there are no allegations remotely providing for a basis of personal jurisdiction over Storick. The one alleged unsolicited fax transmitted on September 5, 2012, appearing in ¶15 of Plaintiff's complaint (Doc. 1) does not suffice. As stated in *Lake*, 817 F.2d at 1421, "On the other side of the spectrum, a high degree of relationship is needed where there is only one contact with the forum state. In order to support jurisdiction with only one forum state contact [although noting that ¶15 neither alleges that the alleged fax was in

11

fact *received* by Plaintiff, let one alone received in California], the cause of action must arise out of purposeful contact of the defendant with the forum state. *McGee v. International Life Ins. Co.*, 355 U.S. 220, 223, 2 L.Ed.2d 223, 78 S.Ct. 199 (1957)." Plaintiff's complaint fails the "minimum contacts" test in every respect with respect to the second factor.

**(3)    The Exercise of Jurisdiction Must Comport with Fair Play and Substantial Justice:**

As set forth in *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-78, 105 S. Ct. 2174, 2184-85, 85 L. Ed. 2d 528 (1985), "Once it has been decided that a defendant purposefully established minimum contacts within the forum State, these contacts may be considered in light of other factors to determine whether the assertion of personal jurisdiction would comport with "fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S., at 320, 66 S.Ct., at 160. In *World-Wide Volkswagen Corp. v. Woodson, supra,* 444 U.S., at 292, 100 S.Ct., at 564, the factors have been set forth, which, within the Ninth Circuit, have been broken down to (1) the extent of the defendant's purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. *See, Paccar Int'l, Inc. v. Commercial Bank of Kuwait*, 757 F.2d 1058, 1065 (9th Cir. 1985); *Roth v. Garcia Marquez*, 942 F.2d 617, 623 (9th Cir. 1991); *Lake v. Lake*, 817, F.2d 1422 (9th Cir. 1987); *Brand v. Menlove Dodge*, 796 F.2d 1070, 1075) (9th Cir. 1986); *Atlantic Trading Co. v. The M/V Main Express*, 758 F.2d 1325, 1329-31 (9th Cir. 1985).

12

There is not one dispositive factor, all seven factors must be balanced. *Roth*, 942 F.2d at 623. In addressing (1), Plaintiff's complaint alleges one fax, however, there is no allegation where it was received. Plaintiff's ¶15 is limited to alleging the transmission. Based upon Plaintiff's allegations, to the extent of any purposeful interjection into California by Storick, it is minimal, if any. In addressing (2), the discussion below regarding transfer pursuant to 28 U.S.C. §1404(a), adopted herein with respect to this factor, it is clear that the burden upon Storick in defending in California is great. By virtue of Plaintiff's own allegations contained in ¶¶10, 11, and 12, Storick has no affiliation or relationship with the State of California, again emphasizing that there is not even a direct allegation against SCOTT R. STORICK. In addition to the state of California lacking an interest in redressing the alleged harm, given the locale of Storick, the burden upon Storick in litigating this matter in California is great

While Storick, with respect to factor (3), concedes that there is no conflict with Florida, Storick's home state, given that the claim herein is based upon Federal law, however, with respect to factors (4), (5), (6), and (7), hereto, Storick adopts his transfer argument as set forth below. Following the EPI Lawsuit and the C-Mart Lawsuit, this is now the third near-identical TCPA putative national class action filed against MetLife and Storick by A+W. Plaintiff, based upon its complaint (Doc.1, ¶23), is not seeking to limit its class to California residents, but pursues a national class (excluding Missouri residents). A+W, with near-identical allegations, has already had a class certified in the Southern District of Florida by way of order on motion for class certification, Exhibit "E." Moreover, the petitions for permission to appeal the order on motion for class certification, pursuant to Rule 23(f), Fed.R.Civ.P., have since been denied by the Eleventh Circuit Court of Appeals, Exhibit "I." Litigation anew is not required as the infrastructure in the Southern District of Florida is in place and has now been firmly established.

13

Certainly, "appearing in a single district [is] more convenient than appearing in two different districts on opposite ends of the country." *Heartland Payment Sys. Inc. v. Verifone Israel Ltd.*, C 10-0654, 2010 WL 1662478, *5 (N.D. Cal. Apr. 22, 2010) (citations omitted)). And as set forth in *Wood v. Best Buy Co. Inc.*, No. 11-1877 SC, 2011 WL 3740812, at *2 (N.D. Cal. Aug. 25, 2011), "Because Plaintiff's claim and the class he seeks to represent are nearly identical to the claims and putative classes of the cases [already] pending in [another venue], declining to transfer the case would waste judicial resources and risk the injustice of conflicting outcomes." "Indeed, California courts routinely grant motions to transfer putative class actions to districts where identical putative class actions are pending." *Id.*. Given the putative national class, to the putative class members it makes absolutely no difference where this action is resolved,  however, Florida is without dispute an alternative forum that provides for the most efficient judicial resolution of the controversy.

Nothing about this action remaining in California comports with fair play and substantial justice. "Jurisdictional rules may not be employed in such a way as to make litigation "so gravely difficult and inconvenient" that a party unfairly is at a "severe disadvantage" in comparison to his opponent." *Burger King Corp.* 471 U.S. at 476-78. Thus, in addressing fair play and substantial justice, this Court should also consider the convenience of the parties and all witnesses, also addressed in Storick's  transfer argument set forth below. *See Bennett v Bed Bath and Beyond, Inc.*, C 11-02220 CRB, 2011 WL 3022126 , at *2 (N.D. Cal. July 22, 2011) ("The interest in judicial economy is enough to support transfer regardless of the other factors."). As evidenced in Exhibits "F" and "G", near all of the witnesses for all of the parties are in Florida; certainly none from California.

14

Reviewing Plaintiff's complaint in the light most favorable to it, dismissal of Storick, pursuant to Rule 12(b)(2), Fed. R. Civ. P., based upon lack of personal jurisdiction, is appropriate in this action.

## B.      TRANSFER PURSUANT TO 28 U.S.C. §1404(a).

Should dismissal, as advocated above, be denied by this Court, in such case, transfer is warranted pursuant to 28 U.S.C. §1404(a).  The traditional 28 U.S.C. §1404(a) factors pertaining to "convenience" and the "interests of justice" require that the merits of this lawsuit be resolved in Southern District of Florida. Other than the putative named class representative, Richard Cadenasso, all of the remaining parties and key witnesses are located in Florida where the identical action is already pending and ongoing.  Pursuant to 28 U.S.C. §1404(a), "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.   The purpose of Section 1404(a) is "to prevent the waste of time, energy and money" and "to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal quotation marks omitted). Certainly, "The interest in judicial economy is enough to support transfer regardless of all other factors." *Bennett v. Bed Bath and Beyond, Inc.*, C 11-02220 CRB, 2011 WL 3022126 , at *2 (N.D. Cal. July 22, 2011).

Herein, transfer is appropriate and, in analyzing the propriety of same, 28 U.S.C. §1404(a) requires a two-step process. This Court must first determine whether the action "could have been brought" in the transferee court, and then the court must make an "individualized, case-by-case consideration of convenience and fairness." *Inherent.com v. Martindale-Hubbell*, 420 F. Supp. 2d at 1098 (citing *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir.1985); *Jones v. GNC Franchising* , 211 F.3d 495, 498 (9th Cir. 2000)).

15

**(1)     Could Have Been Brought In Florida:**

Based upon the history of the EPI Lawsuit and the C-Mart Lawsuit, there is little doubt that this lawsuit could have been brought in the Southern District of Florida and, moreover, that is should have been brought in the Southern District of Florida.  "In order for a district court to transfer an action under Section 1404, the court must find that the transferee court is one where the action 'might have been brought.'" *Ruff v. Del Monte Corp.*, C 12-05251 JSW, 2013 WL 1435230, at *2 (N.D. Cal. Apr. 9, 2013) (citing *Hatch,* 758 F.2d at 414).  And to evidence the jurisdiction where the action "might have been brought", all that is required to be shown is that the Court, which in this case is the Southern District of Florida, would have subject matter jurisdiction over the action, would have personal jurisdiction over Defendants, and would have been a proper venue. *See* 28 U.S.C. § 1404(a); *Wells v. Cingular Wireless LLC*, C 06-03191 WHA, 2006 WL 2792432, at *2 (N.D. Cal. Sept. 27, 2006).

Exhibits "A" and "B" contain near identical allegations to this action (Doc. 1) and supports Judge Fleissig's conclusion, Exhibit "C", p. 6, that "[N]o dispute exists that Florida is in fact the most convenient forum. Indeed, Anderson + Wanca litigated a substantially similar case against the same Defendants in the Southern District of Florida through the pretrial stage." There is no doubt that this action could have been brought, and in fact should have been brought, in the Southern District of Florida.

**(2)     Case By Case Determination:**

As to the case-by-case consideration pursuant to §1404(a), "the plain language of the statute requires the Court to consider at least three factors in deciding whether to transfer a claim to another court: (1) convenience of parties; (2) convenience of witnesses; and (3) the interest of justice." *Schwartz v. Frito-Lay N.A.*, C-12-02740(EDL),  2012 WL 8147135, at *4 (N.D. Cal.

16

Sept. 12, 2012). This Court's jurisdiction further requires that this Court weigh Plaintiff's choice of forum. *See Sec. Investor Prot. Corp. v. Vigman,* 764 F.2d 1309, 1317 (9th Cir. 1985).

**(i)     The Convenience of the Parties Favors Florida:**

The parties and the subject matter here are substantially the same as in the EPI Lawsuit, Exhibit "A", which  was litigated against the Storick and MetLife in the Southern District of Florida on a nationwide basis until the action was dismissed.  The C-Mart Lawsuit, Exhibit "B", continues to be litigated against Storick and MetLife in the Southern District of Florida and was pursued on a nationwide class basis until A+W filed its motion  for class certification, Exhibit "D".   It is self-evident, especially given the attached exhibits hereto, that the convenience of the parties favors Florida.

**(ii)     The Convenience of the Witnesses Strongly Favors Florida:**

Since it was done in the C-Mart Lawsuit, and it made good sense to do so in that the facts, issues, and witnesses remained the same, A+W will in all likelihood rely on the same depositions, other discovery, and witnesses from the EPI Lawsuit and C-Mart Lawsuit, as evidenced by Exhibit "G" attached hereto.  "The convenience of witnesses is often the most important factor in deciding whether to transfer an action." *Cambridge v. Millard Refrigerated Servs., Inc.,* C 12-146 CW, 2012 WL 1755750, at *3 (N.D. Cal. May 16, 2012) (citing *Bunker v. Union Pac.R.R.Co.,* C 05-04059, 2006 WL 193856, at *2 (N.D. Cal. Jan. 23, 2006)). Moreover, "[t]he convenience of non-party witnesses is a more important factor than the convenience of party witnesses." *Metz v. U.S. Life Ins. Co. in City of New York,* 674 F.Supp.2d 1141, 1147 (C.D. Cal. 2009) (citations omitted). Comparable to *Cambridge,* the multitude of the non-party witnesses with respect to this action are *not* located in California and, moreover, are *not* subject to compliance of subpoena and other process from California. As seen in  *Cambridge,* 2012 WL

17

1755750, at *3, "It is clear that most, if not all, of the percipient witnesses whose testimony will be essential for the determination of Defendant's liability are located in Alabama, are subject to the subpoena power of the Southern District of Alabama and are not subject to the subpoena in the Northern District of California."

   (a).   **Access To Proof:**

      Hand-in-hand with the convenience of the parties and witnesses, this Court should also take into consideration "the ease of access to sources of proof." *Jones*, 211 F.3d at 498-99. To this end, if the Plaintiff is unable to show "with particularity the location, difficulty of transportation, and the importance of records or documents" from within the Northern District of California, then this factor also favors transfer. *See, e.g., Reflex Packaging, Inc. v. Audio Video Color Corp.*, C 13-03307 SI, 2013 WL 5568345, at *5 (N.D. Cal. Oct. 9, 2013) (internal citations omitted).  While argument may be able to be made that transfer of documents and depositions is easily done in the present computer age, whether transfer by the internet or the sending of a disc, the most significant issue is live witness testimony; the difficulty being able to secure the Florida witnesses attendance to appear in the Northern District of California.   As stated by Judge Fleissig, Exhibit "C" pp. 6-7, "no dispute exists as to whether Florida is a convenient forum"; that "the majority of the witnesses and evidence is located in Florida", that "the 'will-call' witnesses . . . reside in South Florida", and that the parties "have already deposed many witnesses such that the testimony of these witnesses is readily apparent." Judge Fleissig, looking at the same facts and circumstances now presented to this Court, held that "the convenience of the witnesses in this case weighs heavily in favor of transferring the case to the Southern District of Florida.  Finally, Judge Fleissig concluded, Exhibit "C" p. 10, "the alleged acts occurred primarily in the State of Florida; the Storick Defendants are located in

18

Florida, the non-party witnesses, who are not subject to this Court's subpoena power, reside in Florida; and the documents and servers are located in Florida." These same circumstances require transfer herein.

### (iii).   Transfer is in The Interests Of Justice:

As to the third factor, transferring this case will unequivocally promote judicial efficiency, which "alone can be decisive[.]" *Wood v. Best Buy Co. Inc.*, No. 11-1877 SC, 2011 WL 3740812, at *2 (N.D. Cal. Aug. 25, 2011); *See Also, Bennett v. Bed Bath and Beyond, Inc.*, 2011 WL 3022126 at *2 (N.D. Cal. July 22, 2011) . As set forth in *Elecs. for Imaging, Inc. v. Tesseron, Ltd.*, C 07-05534, 2008 WL 276567, at *1 (N.D. Cal. Jan. 29, 2008), the "[c]onsideration of the interest of justice, which includes judicial economy, may be determinative to a particular transfer motion, even if the convenience of the parties and witnesses might call for a different result."

There is no doubt that "[t]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to wastefulness of time, energy and money that §1404(a) was designed to prevent." *Cont'l Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26 (1960); *A.J. Indus., Inc. v. U.S. Dist Court for Cent. Dist. Ct. of Cal.* 503 F.2d, 384, 389 (9th Cir. 1974). Again, as seen in *Wood*, 2011 WL 3740812, at *2, "Because Plaintiff's claim and the class he [sought] to represent are nearly identical to the claims and putative classes of the cases pending in the Central District, declining to transfer the case would waste judicial resources and risk the injustice of conflicting outcomes." "Indeed, California courts routinely grant motions to transfer putative class actions to districts where identical putative class actions are pending." *Wood*, 2011 WL 3740812, at *2.

While the litigation of this action is in its infancy, the C-Mart lawsuit remains pending. Exhibit "F" evidencing the status of the C-Mart Litigation.   And with the Southern District of Florida entering its order on class certification, Exhibit "D", the Southern District has since moved back the trial period given the issues as reflected in Exhibit "J" attached hereto. As evidenced in *Schwartz*, 2012 WL 8147135, at * 5,  the inconvenience to a defendant to litigate the same issues in multiple courts is greater than that of the plaintiff's.  And, of course, transfer is more than appropriate when another court is familiar with the history and facts of the underlying lawsuit.  *Heartland Payment Sys. Inc.*, 2010 WL 1662478, at *5; *B & B Hardware, Inc. v. Hargis Indus., Inc.*, CV 06-4871 PA, 2006 WL 4568798, at *6. The issues in the EPI Lawsuit over which the Southern District of Florida presided, as well as in the C-Mart Lawsuit over which it still presides, are not only related to Plaintiff's action here, but are central to it.

### (iv)    Plaintiff's Choice of Forum / Deference:

"Where the forum lacks a significant connection to the activities alleged in the complaint, the degree to which courts defer to the plaintiff's chosen venue is substantially reduced." *Broad. Data Retrieval Corp. v. Sirius Satellite Radio, Inc.*, CV 06-1190JFWSSX, 2006 WL 1582091, at *3 (C.D. Cal. June 6, 2006).  And as set forth in *Hall v. Ikon Office Solutions, Inc.*,  C 05-001036 WHA, 2005 WL 1629806, at *5 (N.D. Cal. July 8, 2005), where  the underlying acts of the plaintiff's claims do no not take place in California, the selected forum, the plaintiff's choice of the forum is given minimal weight in determining whether transfer is appropriate. *See Also*, *Vista Healthplan, Inc. v. Amgen, Inc.*, CV 07-3711 PSG, 2007 WL 4144893, at *4 (C.D. Cal. Nov. 13, 2007) (transferring case to Florida where "[m]ore significant facts" took place in Florida, and Florida was substantially connected to plaintiff's claims).

Upon review of Plaintiff's complaint (Doc. 1) it is evident that not one fact alleged by Plaintiff puts this action in California.  While ¶6 of Plaintiff's complaint alleges that Plaintiff is a resident of California, ¶15 of the complaint does not even assert that the alleged fax advertisement was directed to California or otherwise received in California.  The allegation is simply that "Defendants transmitted by telephone facsimile machine an unsolicited fax to Plaintiff"; no allegation that the alleged fax was transmitted to Plaintiff in California and, furthermore, that it was actually received in California.

And herein, since the matter is a putative, nationwide class action, as set forth in *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987), a putative nationwide class action lawsuit receives less deference.  In *Italian Colors Rest. v. American Express Co.*, C 03-3719 SI, 2003 WL 22682482 at *3 (N.D. Cal. Nov. 10, 2003), "The plaintiff's choice is given less deference where, as here, the action is brought on behalf of a nationwide class."

Lastly, with respect to forum shopping, and this is explicitly evidenced in Exhibit "C", pp. 9-10,  whereby Judge Fleissig stated "Review of the Florida Lawsuit and the briefs and exhibits pertaining to the motions to transfer *demonstrate the likelihood that Plaintiff's counsel, Anderson +Wanca, dismissed the class allegations and the complaint in the Florida Lawsuit in order to find a more favorable forum*.", courts are to disregard a Plaintiff's choice of forum. *Alltrade, Inc v. U.S. Dist. Court for Cent. Dist. Ct. of Cal.*, 946 F.2d 622,  628 (9th Cir. 1991); *Foster v. Nationwide Mut. Ins. Co.*, C 07-04928 SI, 2007 WL 4410408, at*2 (N.D. Cal. Dec. 14, 2007) *Cambridge*, 2012 WL 1755750, at *2,  *Williams v. Bowman*, 157 F. Supp. 2d. 1103, 1107 (N.D. Cal. 2001)); *Madani v. Shell Oil Co.*, C07-04296 MJJ, 2008 WL 268986, at *3 (N.D. Cal. Jan. 30, 2008).  And forum shopping can be inferred where, as here, the Plaintiff has selected a forum which has no factual nexus to the case, as alleged by the complaint, and where the

21

Plaintiff has another forum equally available to him. *See Foster*, 2007 WL 4410408, at *3; *see also Italian Colors Rest.*, 2003 WL 22682482, at *4. And unlike *True Health Chiropractic Inc. v. McKesson Corp.*, 13-cv-02219-JST, 2013 WL 6000539, (N.D. Cal. Nov. 12, 2013) where there was no case pending in other districts, with respect to this action, the C-Mart Lawsuit remains pending in the Southern District of Florida with A+W, as evidenced by Exhibits "F" and "J", pursuing further discovery; A+W's discovery motions having yet to be ruled upon.

## IV. CONCLUSION

Based upon the above and foregoing, Defendants, STORICK GROUP CO., THE STORICK GROUP CORPORATION, and SCOTT R. STORICK, pursuant to Rule 12(b)(2), Fed. R. Civ. P. request that this action be dismissed for lack of personal jurisdiction. Alternatively, and as stated, the Storick Defendants have no issue with transferring this action to the Southern District of Florida, however, unlike MetLife, the Storick defendants do not seek a stay of the proceedings.

Dated: March 26, 2014


s/ Howard Poznanski
HOWARD POZNANSKI, ESQUIRE

HOWARD POZNANSKI, ESQUIRE
Counsel for All Storick Defendants
Appearance Pro Hac Vice
4800 North Federal Highway
Suite 208A
Boca Raton, Florida 33431
Tel: (561) 417-9294
Fax: (561) 417-9422
E-Mail: howardwpoznanski@bellsouth.net

22